# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Sergio Gonzalez-Cisneros** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:09CR02385-001JB**<br>USM Number: **49989-051**<br>Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1)/(2), 8 U.S.C. Sec. 1326(b)(2) | Re-entry of a Removed Alien | 05/08/2009 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| County of Residence | **March 25, 2010**<br>Date of Imposition of Judgment<br><br>**/s/ James O. Browning**<br>Signature of Judge<br><br>**Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge<br><br>**May 28, 2010**<br>Date Signed |

Defendant: **Sergio Gonzalez-Cisneros**
Case Number: **2:09CR02385-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Defendant Sergio Gonzalez-Cisneros` offense level, before any downward departure, is 21 and his criminal history category is V. The guideline imprisonment range is 70 to 87 months. As the Court indicated, however, the Court believes that a criminal history category of V overstates Gonzalez-Cisneros` criminal history in the past, and, perhaps more importantly, overstates his likely criminal history in the future. The Court thus reduces that criminal history category to IV. With an offense level of 21 and a criminal history category of IV, Gonzalez-Cisneros` guideline imprisonment range is 57 to 71 months. The Court more fully sets forth the reasons for this departure, and for the variance discussed below, in an Order filed May 28, 2010 (Doc. 37). The Court notes Gonzalez-Cisneros is a citizen of Mexico and he was previously convicted of an aggravated felony followed by several formal deportations.**

**The Court has carefully considered the guidelines, but, in arriving at its sentence, has also taken account of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes, after careful consideration of the circumstances in this case, that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges established by the guidelines, and believes that it results in a sentence that is too high for this defendant, this crime, and Gonzalez-Cisneros` criminal and personal history.**

**The Court does not, however, believe that a variance to an offense level of 14, as Gonzalez-Cisneros requests, is appropriate. Gonzalez-Cisneros has a substantial criminal history and has had a several stints in state prisons of approximately two years each. The Court thus does not think a sentence of 21 months is appropriate.**

**The Court also finds that Gonzalez-Cisneros knew it was illegal to come back into the United States, given the prior deportations. What he might not have realized, however, is just how serious the consequences were. Nevertheless, the Court does not think that 21 months is enough to sufficiently deterred Gonzalez-Cisneros from violating the law again, and so something greater than that is necessary to ensure his respect for the law. On the other hand, it is not necessary to sentence him to a full 57 months to do that.**

**The Court finds that a sentence consistent with a 12-level, rather than a 16-level, enhancement is appropriate here, given the circumstances. Such an enhancement would result in an offense level of 17, which, combined with Gonzalez-Cisneros` criminal history category of IV, results in a guideline imprisonment range of 37 to 46 months. The Court believes that a sentence of 37 months reflects the seriousness of this offense -- coming back into the United States with his criminal history. The Court also finds that a 37-month sentence adequately promotes respect for the law and is a more just punishment than a sentence of 57 months. The Court is concerned about deterrence, but believes that a sentence of 37 months adequately reflects that concern. The Court believes that, given the nature and remoteness of much of Gonzalez-Cisneros` criminal history, the Court need not weigh the protection-of-the-public factor very heavily here.**

**In the end, the Court believes that a 37-month sentence fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). And, while the Court`s task as a district court is not to come up with a reasonable sentence, but rather to come up with a sentence that correctly balances the factors set forth in 18 U.S.C. § 3553(a), the Court thinks this 37-month sentence is a more reasonable sentence than a guideline sentence or a sentence of 21 months. Most importantly, the Court finds that the 37-month sentence is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court thus sentences Gonzalez-Cisneros to a term of 37 months in the custody of the Bureau of Prisons.**

☒      The court makes these recommendations to the Bureau of Prisons:

**The Court recommends Englewood Federal Correctional Institution, Littleton, Colorado, or Florence Federal Correctional Institution, Florence, CO, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

Deputy United States Marshal

Defendant: **Sergio Gonzalez-Cisneros**
Case Number: **2:09CR02385-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Sergio Gonzalez-Cisneros**
Case Number: **2:09CR02385-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Sergio Gonzalez-Cisneros**
Case Number: **2:09CR02385-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☒  In full immediately; or
B        ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.